UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

STATE OF TEXAS, *et al.*,

                 Plaintiffs,

v.

BLACKROCK, INC.,
STATE STREET CORPORATION,
THE VANGUARD GROUP, INC.,

                 Defendants.

CIVIL ACTION NO. 6:24-cv-00437-JDK

ORAL ARGUMENT REQUESTED

**DEFENDANT THE VANGUARD GROUP, INC.'S REPLY IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. Vanguard Should Be Dismissed From The State And Federal Conspiracy Claims............ 1

II. Vanguard Should Be Dismissed From The Clayton Act Section 7 Claim.......................... 2

**I.       Vanguard Should Be Dismissed From The State And Federal Conspiracy Claims.**

The Opposition fails to identify *any* instance in which Vanguard ever engaged in the conduct allegedly used to carry out the purported conspiracy: pressuring coal companies to cut production and casting proxy votes against coal company directors. *See* ECF 66 ("VG Mem.") 2–5. Indeed, Plaintiffs expressly retract their false allegation that Vanguard demanded that coal companies "shutter or divest their coal assets." Opp. 10 n.3.[1] Although Plaintiffs renew their allegation that Vanguard met with three of the coal companies in which it owned shares (Opp. 10), they plead no facts about what happened at those meetings, they rightly refrain from alleging that Vanguard pressured those companies to cut production, and their own allegations confirm that net output *rose* at those companies after Vanguard met with them. VG Mem. 6.

Plaintiffs also assert that Vanguard voted against certain directors at Peabody Energy (Opp. 20), but that is yet another obvious error by Plaintiffs. The voting records cited by Plaintiffs show that the votes at issue related to Warner Music Group, not Peabody.[2] Vanguard in fact had a 100% record of voting *with* coal company management and *for* coal company directors on *all* of the votes identified in the Complaint, even when other Defendants voted differently. VG Mem. 3. That conduct is antithetical to Plaintiffs' far-fetched conspiracy theory.

Plaintiffs' argument that Vanguard briefly belonged to NZAM from 2021 to 2022 does not salvage their position. As Plaintiffs and the Government both acknowledge, to tie Vanguard to the

---

[1] After retracting the false "shutter[ing]" allegation, Plaintiffs cite two quotes from the same Vanguard document (Opp. 9–10), but those quotations do not appear in the Complaint. Plaintiffs also misconstrue the document, which merely states that companies that face risks associated with "climate-related actions by governments, customers, and counterparties" should "disclos[e] timelines and related plans for asset closures and/or diversifying their asset portfolio *in line with applicable legal and regulatory requirements*." *See* AC ¶ 138 n.74; VG Ex. 7 (emphasis added).

[2] Plaintiffs miss that the voting records are *excerpts* with nonconsecutive pages. They rely on a page that has nothing to do with Peabody, as is shown by the numbering break—from "3" on the page referencing Peabody to "1f" on the page they reference. *See* VG Ex. 2 at 7–8. Separately, Plaintiffs mistakenly cite a non-coal company vote. VG Ex. 1 at 4 (listing "COP" ticker); Opp. 20.

alleged conspiracy based on its fleeting membership in NZAM, Plaintiffs would have to show (i) an NZAM "invitation" to a common scheme to cut coal production, and (ii) Vanguard's "responsive actions demonstrating acceptance of [that] invitation." Gov't Br. 22; *see also* Opp. 39, 45. The Complaint pleads no such NZAM "invitation," *see* Joint Reply 4–9, nor any such Vanguard "acceptance." Vanguard's NZAM statement instead stated that the vast majority of its assets under management "cannot be committed to net zero targets," and that the only assets that could be managed in line with climate goals were the 4% of assets that had a preexisting net zero "product design" or "philosophy." VG Mem. 4; VG Ex. 4 at 2–3. Far from engaging in "responsive actions demonstrating acceptance" of an invitation to conspire to cut coal production, Vanguard merely stated its unilateral intention to follow the client instructions it had received regarding 4% of the assets it manages.

## II. Vanguard Should Be Dismissed From The Clayton Act Section 7 Claim.

Vanguard's investments in coal companies fall squarely within Section 7's safe harbor because they were made "solely for investment," *see* Joint Reply 20–22, and there are no allegations of Vanguard "using" its coal company shares in an anticompetitive manner, *see* VG Mem. 8. As the Government recognizes, an investor does not engage in anticompetitive "use" of shares by simply meeting with companies about governance matters such as "board size, compensation polices[,] and public reporting practices." Gov't Br. 18–19. And there are no well-pled allegations that Vanguard did anything more, such as "vot[ing] against directors when their companies" were "insufficiently cutting production" or using "threats of divestment" to pressure coal companies to cut output. Opp. 32. To the contrary, Vanguard voted *with* coal company management on all proxy votes discussed in the Complaint, Plaintiffs have *withdrawn* their false "shutter or divest" allegation, and net output *increased* at the three coal companies with which Vanguard met. VG Mem. 3, 6–8. That is a far cry from anticompetitive "use" of Vanguard's shares.

| | |
|---|---|
| June 2, 2025 | */s/ Robert D. Wick* |
| | Robert D. Wick (*pro hac vice*) |
| |   DC Bar No. 440817 |
| |   rwick@cov.com |
| | John S. Playforth (*pro hac vice*) |
| |   MA Bar No. 675766 |
| |   jplayforth@cov.com |
| | Shadman Zaman (*pro hac vice*) |
| |   NY Bar No. 5418199 |
| |   szaman@cov.com |
| | COVINGTON & BURLING LLP |
| | One CityCenter |
| | 850 Tenth Street, NW |
| | Washington, DC 20001-4956 |
| | Tel: (202) 662-6000 |
| | |
| | Bradley C. Weber |
| |   State Bar No. 21042470 |
| |   brad.weber@troutman.com |
| | Chase T. Cobb |
| |   State Bar No. 24116208 |
| |   chase.cobb@troutman.com |
| | TROUTMAN PEPPER LOCKE LLP |
| | 2200 Ross Avenue, Suite 280 |
| | Dallas, Texas 75201 |
| | Tel: (214) 740-8497 |
| | Fax: (214) 756-8497 |
| | |
| | *Attorneys for Defendant The Vanguard Group, Inc.* |

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was filed electronically and served on all counsel of record by the Court's CM/ECF system on June 2, 2025.


June 2, 2025                                         /s/ Robert D. Wick

                                                                                                    Robert D. Wick