**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al. | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 6:24-cv-437-JDK |
| BLACKROCK, INC.,<br>STATE STREET CORPORATION,<br>VANGUARD GROUP, INC. | § | |
| Defendants. | § | |

**SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and the Eastern District of Texas Local Rules (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case:

| **January 24, 2028** | **9:00 a.m. JURY SELECTION AND TRIAL before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas.**[1] |
|---|---|
| **To be scheduled by the Court if necessary** | A **pretrial conference** will be conducted, in person, if the Court determines such a conference is necessary.<br><br>Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. Lead counsel and *pro se* parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |

[1] The parties may agree to alterations to the pretrial deadlines that are based on the trial date, provided (a) those alteration **do not affect** the trial date; and (b) the parties jointly file written notice of the alteration(s) with the Court.

| | |
|---|---|
| 14 days before trial (January 10, 2028) | **File Responses to Motions *in Limine*, if any.** |
| 33 days before trial (December 22, 2027) | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| 33 days before trial (December 22, 2027) | **File Motions *in Limine*, if any, and pretrial objections.**<br><br>Motions in limine should not be filed as a matter of course. The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine*. Replies to responses are not permitted except by leave of Court. |
| 33 days before trial (December 22, 2027) | Settlement Conference Deadline.<br><br>See additional details below. |
| 33 days before trial (December 22, 2027) | Exchange Exhibits.<br><br>Each party intending to offer exhibits shall **serve a complete set** of marked exhibits (including demonstrative exhibits) to all opposing parties and **shall deliver a set of marked exhibits to the Court's chambers** (except for large or voluminous items that cannot be easily reproduced). |
| 33 days before trial (December 22, 2027) | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br><br>See additional details below.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |

| | |
|---|---|
| 33 days before trial (December 22, 2027) | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| 42 days before trial (December 13, 2027) | Objections to Pretrial Disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rule of Evidence 402 and 403, to:<br>(a) any other party's deposition designation;<br>(b) the admissibility of disclosed exhibits; and<br>(c) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause. The parties are **ORDERED** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| 49 days before trial (December 6, 2027) | Exchange Rebuttal Deposition Designations.<br><br>For rebuttal designations, cross examination line and page numbers to be included. |
| 56 days before trial (November 29, 2027) | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List).<br><br>Parties must make all disclosures required by Rule 26(a)(3)(A)-(B). Any party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| 35 days after close of expert discovery (July 2, 2027) | Summary Judgment and Rule 702 motions. |

| | |
|---|---|
| 14 days after expert discovery closes<br><br>(June 11, 2027) | Mediation Deadline.<br><br>Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the outcome of the mediation. |
| 21 days after Plaintiffs' Expert Reply Designations and Reports<br><br>(May 28, 2027) | Expert discovery closes |
| 30 days after Defendants' Expert Designations & Reports<br><br>(May 7, 2027) | Plaintiffs' Expert Reply Designations & Reports.[2]<br><br>Plaintiffs may provide expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). |
| 68 days after Plaintiffs' Expert Designations & Reports<br><br>(April 7, 2027) | Defendants' Expert Designations & Reports.<br><br>Defendants shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 45 days after close of fact discovery<br><br>(January 29, 2027) | Plaintiffs' Expert Designations & Reports.<br><br>Plaintiffs shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |

[2] The parties may agree to extend any expert discovery deadline, provided (a) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b) the parties jointly file written notice of the extension with the Court.

| | |
|---|---|
| 406 days after Scheduling Order entered<br><br>(December 15, 2026) | Fact Discovery Deadline.<br><br>All fact discovery shall be completed by this date. The parties may agree to extend this discovery deadline, provided (a) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b) the parties jointly file written notice of the extension with the Court.<br><br>Each side may take up to 30 depositions without leave of court, inclusive of Rule 30(b)(6) depositions. Plaintiffs shall be limited to taking no more than 10 depositions per defendant of any defendant's current or former employees, inclusive of Rule 30(b)(6) depositions. Each party shall be served with no more than one Rule 30(b)(6) notice and 7 total hours of 30(b)(6) testimony. Each Rule 30(b)(6) deposition will count as one deposition, regardless of the number of witnesses designated to testify. The parties will meet and confer in good faith regarding objections to Rule 30(b)(6) depositions. Additionally, each side may take up to 150 hours of third-party deposition testimony without leave of court. The parties agree to work collaboratively on the location and timing of depositions. |
| 60 days after Scheduling Order entered<br><br>(January 5, 2026) | Deadline for Motions for Leave to Join Parties or Amend Pleadings.<br><br>Parties may petition the Court to modify this deadline for good cause. |
| 40 days after Scheduling Order entered<br><br>(December 15, 2025) | Deadline for parties to provide initial disclosures under Rule 26(a). |

| | |
|---|---|
| 21 days after Scheduling Order entered<br><br>(November 25, 2025) | File Notice of Mediator.<br><br>The parties may jointly file a notice that identifies an agreed upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should confirm the mediator's availability and schedule mediation before the deadline. |

If any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

## I. SETTLEMENT CONFERENCE AND STATUS REPORT

### a. Settlement Conference:

By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means.

### b. Joint Settlement Report:

Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

## II. PRETRIAL MATERIALS

**a. Pretrial Order:**

Plaintiff's counsel shall file the **joint pretrial order**, which must include each matter listed in the final pretrial order available on Judge Kernodle's website and the **estimated length of trial**. If counsel for any party does not participate in the preparation of the joint pretrial order, opposing counsel shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

**b. Witness List:**

Each party shall file a **witness list** using the template available on Judge Kernodle's website.

If any witness needs an interpreter, please note this on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

**c. Exhibit List:**

Each party shall file a **list of exhibits (including demonstrative exhibits)** to be offered at trial using the template available on Judge Kernodle's website. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C).

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

**(i)** the parties agree to the admissibility of the exhibit; or

**(ii)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to

offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**d. Deposition Testimony Designations:**

Each party shall file a list of designated deposition testimony it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

**e. Jury Charge:**

The parties shall submit proposed jury instructions (annotated)[3] and a proposed verdict form as set forth below.

**(i)** Counsel for the Plaintiff shall deliver to counsel for Defendant by **49 days before trial** a copy of its proposed charge and verdict form.

**(ii)** Counsel for Defendant shall deliver to counsel for Plaintiff by **42 days before trial**: (A) a statement, prepared with specificity, of any objection to any portion of the Plaintiff's proposed charge and verdict form and (B) the text of all additional or modified instructions or portions of the verdict form Defendant proposes. Each objection and each such request shall be accompanied by citations of authorities supporting defendant's objection or request.

**(iii)** At a mutually agreed time on or before **35 days before trial**, the lead attorneys for the parties shall meet face-to-face at either (A) a mutually agreeable place, or (B) at the office of counsel located closest to Tyler, Texas, for the purposes of (1) discussing, and trying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (2) identifying areas of disagreement that cannot be resolved. Such meeting shall be held for a sufficient length of time for there to be a

---

[3] "Annotated" means that ***each*** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority.

meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement. Each attorney shall cooperate fully in all matters related to such a meeting.

**(iv)** On or before **28 days before trial**, counsel for Plaintiff shall file a document titled "Agreed Charge," which in a single document shall contain, in logical sequence, all language to be included in the charge, including jury instructions and jury questions, about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement. All language of the proposed charge about which there is disagreement shall be (A) in bold face, (B) preceded by an indication of the identity of the party requesting the language, and (C) followed by a listing of citations of authorities in favor of and in opposition to the proposed language. Objections may be waived if not stated in the Agreed Charge.

**f. Voir Dire:**

The parties shall file any **proposed voir dire questions** for the Court to ask during its examination of the jury panel as an attachment to the pretrial order. The filing should note whether each question is agreed to by both parties or which party proposes the question.

**g. Trial Briefs:**

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

## III. MODIFICATION OF SCHEDULING ORDER

As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery.

## IV. DISCOVERY DISPUTES

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel for each party must confer in good faith concerning the disputes. If the dispute is not resolved by conferring in good faith, then a party may file an appropriate motion. Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph.

## V. ELECTRONIC DISCOVERY

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash. The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that model order. *See* ED Texas Website under Quick Links / Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

## VI. RESOURCES

The Eastern District of Texas website (www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information.

## VII. COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## VIII. INQUIRIES

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.

**IT IS SO ORDERED.**

Dated:

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

**Approved as to Form.**

Dated: November 4, 2025

Respectfully submitted,


/s/ David H. Thompson
David H. Thompson

D.C. Bar No. 450503
Brian W. Barnes
(Pro hac vice)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
bbarnes@cooperkirk.com

*Counsel for Plaintiffs States of Texas and Montana*

/s/Anthony G. Buzbee
Anthony G. Buzbee
State Bar No. 24001820
Christopher J. Leavitt
State Bar No. 24053318
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com

*Counsel for Plaintiff State of Texas*

KEN PAXTON
Attorney General of Texas

/s/ Jason M. Powers
Jason M. Powers
Texas Bar No. 24007867
jpowers@velaw.com
Stacey Neumann Vu
Texas Bar No. 24047047
svu@velaw.com

George M. Kryder
Texas Bar No. 11742900
gkryder@velaw.com
Megan Cloud
Texas Bar No. 24116207
mcloud@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, TX 75201-2975
Phone (214) 220-7719

Stephen M. Medlock (*pro hac vice*)
DC Bar No. 995636
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone (202) 639-6578

Mackenzie G. Newman (*pro hac vice*)
NY Bar No. 5710785
mnewman@velaw.com
VINSON & ELKINS LLP
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Phone (212) 237-0000

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

*/s/ Austin Kinghorn*
AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
Texas Bar No.: 24072184
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Telephone: (512) 463-2012
Fax: (512) 320-0911
Austin.Kinghorn@oag.texas.gov

*Counsel for Plaintiff State of Texas*

**FOR PLAINTIFF STATE OF ALABAMA**

STEVE MARSHALL
Attorney General of Alabama

*/s/ Robert M. Overing*
ROBERT M. OVERING
Deputy Solicitor General
(Pro hac vice)
OFFICE OF THE ATTORNEY GENERAL OF ALABAMA
501 Washington Avenue
Montgomery, Alabama 36130
Telephone: (334) 242-7300
Fax: (334) 353-8400
Robert.Overing@AlabamaAG.gov

*Counsel for Plaintiff State of Alabama*

*Attorneys for Defendant State Street Corporation*

*/s/ Robert D. Wick*
Robert D. Wick (*pro hac vice*)
DC Bar No. 440817
rwick@cov.com
John S. Playforth (*pro hac vice*)
MA Bar No. 675766
jplayforth@cov.com
Shadman Zaman (*pro hac vice*)
NY Bar No. 5418199
szaman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000

Bradley C. Weber
State Bar No. 21042470
brad.weber@troutman.com
Chase T. Cobb
State Bar No. 24116208
chase.cobb@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 280
Dallas, Texas 75201
Tel: (214) 740-8497
Fax: (214) 756-8497

*Attorneys for Defendant The Vanguard Group, Inc.*

*/s/ Gregg Costa*
Gregg Costa
State Bar No. 24028160
GCosta@gibsondunn.com
Prerak Shah
State Bar No. 24075053
PShah@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

**FOR PLAINTIFF STATE OF ARKANSAS**

TIM GRIFFIN
Arkansas Attorney General

*/s/ Autumn Hamit Patterson*
Autumn Hamit Patterson
Solicitor General
Arkansas Bar Number 2025095
Texas Bar Number 24092947
OFFICE OF THE ARKANSAS ATTORNEY
GENERAL
101 West Capitol Ave.
Little Rock, Arkansas 72201
Telephone: (501) 682-2007
autumn.patterson@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

**FOR PLAINTIFF STATE OF INDIANA**

THEODORE E. ROKITA
ATTORNEY GENERAL OF INDIANA
Attorney No. 18857-49

*/s/ Scott L. Barnhart*
Scott L. Barnhart, Atty. No. 25474-82
Chief Counsel and Director of Complex Litigation
(Pro hac vice)

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor,
302 W. Washington Street
Indianapolis, IN 46204
Phone: (317) 232-6309
Fax: (317) 232-7979
Email: Scott.Barnhart@atg.in.gov

811 Main St., Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600

Rachel Brass (pro hac vice)
RBrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Ste 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8306
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Ste 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8306

Thomas Mueller (*pro hac vice*)
DC Bar No. 434459
Thomas.mueller@wilmerhale.com
Jennifer Milici (*pro hac vice*)
DC Bar No. 987096
Jennifer.milici@wilmerhale.com
Perry Lange (*pro hac vice*)
DC Bar No. 494339
Perry.lange@wilmerhale.com
John O'Toole (*pro hac vice*)
DC Bar No. 241862
John.o'toole@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

David Gringer (*pro hac vice*)
New York Bar No. 4879029
David.gringer@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*/s/ Jessee Moore*
Jessee Moore, Atty. No. 37654-49
Deputy Attorney General
(Pro hac vice)

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor,
302 W. Washington Street
Indianapolis, IN 46204
Phone: (317) 232-4956
Fax: (317) 232-7979
Email: Jesse.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

**FOR PLAINTIFF STATE OF IOWA**

BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*
ERIC H. WESSAN
Solicitor General

PATRICK C. VALENCIA
Deputy Solicitor General
(Pro hac vice)

OFFICE OF THE ATTORNEY GENERAL OF IOWA
1305 E. Walnut Street
Des Moines, Iowa 50319
Telephone: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

**FOR PLAINTIFF STATE OF KANSAS**

Lauren Ige (*pro hac vice*)
California Bar No. 343644
Lauren.ige@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Telephone: (213) 443-5395
Facsimile: (213) 443-5400

*Attorneys for Defendant BlackRock, Inc.*

*/s/ Kris W. Kobach*
KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS
Anthony J. Powell
Solicitor General
Erin B. Gaide
Assistant Attorney General
120 SW 10th Avenue
Topeka, KS 66612-1597
Tel: (785) 296-7109
abhishek.kambli@ag.ks.gov
anthony.powell@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

**FOR PLAINTIFF STATE OF LOUISIANA**

LIZ MURRILL
ATTORNEY GENERAL

*/s/ Patrick Voelker*
Patrick Voelker, LA Bar #38926
(Pro hac vice forthcoming)
John Kelley, LA Bar #35506
(Pro hac vice forthcoming)
Michael Dupree, LA Bar #26870
(Pro hac vice forthcoming)
Assistant Attorneys General
Public Protection Division
Complex Litigation Section
1885 North 3rd Street
Baton Rouge, Louisiana 70802
Tel: (225) 326-6400
Fax: (225) 326-6499
voelkerp@ag.louisiana.gov
kelleyj@ag.louisiana.gov
dupreem@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

**FOR PLAINTIFF STATE OF MISSOURI**

CATHERINE L. HANAWAY
ATTORNEY GENERAL

*/s/ William James Seidleck*
William James Seidleck (pro hac vice)
Principal Deputy Solicitor General
Office of the Attorney General
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 301-5359
William.Seidleck@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

**FOR PLAINTIFF STATE OF MONTANA**

AUSTIN KNUDSEN
Montana Attorney General

*/s/Brent Mead*
Brent Mead
(Pro hac vice)
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894
Brent.Mead2@mt.gov
Anna.Schneider@mt.gov

*Counsel for Plaintiff State of Montana*

**FOR PLAINTIFF STATE OF NEBRASKA**

MICHAEL T. HILGERS

Attorney General of Nebraska

ERIC J. HAMILTON
Solicitor General

*/s/ Zachary B. Pohlman*
ZACHARY B. POHLMAN
Assistant Solicitor General
(Pro hac vice)

NEBRASKA DEPARTMENT OF JUSTICE
2115 State Capitol
Lincoln, Nebraska 68509
Telephone: (402) 471-2683
Fax: (402) 471-3297
eric.hamilton@nebraska.gov
zachary.pohlman@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

**FOR PLAINTIFF STATE OF OKLAHOMA**

GENTNER DRUMMOND
ATTORNEY GENERAL

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
Solicitor General
(Pro hac vice forthcoming)
Office of the Attorney General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

**FOR PLAINTIFF STATE OF WEST VIRGINIA**

JOHN B. MCCUSKY
Attorney General

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS
Solicitor General
(Pro hac vice)
OFFICE OF THE ATTORNEY
GENERAL OF
WEST VIRGINIA
State Capitol Complex
Building 1, Room E-26
Charleston, West Virginia 25301
Telephone: (304) 558-2021
michael.r.williams@wvago.gov

Douglas L. Davis
WV Attorney General's Office
(Pro hac vice)
P.O. Box 1789
State Capitol, Building 6
1900 Kanawha Blvd. East, Ste 401
Charleston, WV 25326
304-558-8986
Fax: 304-558-0184
Email: douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

**FOR PLAINTIFF STATE OF WYOMING**

KEITH G. KAUTZ
Wyoming Attorney General

*/s/ Ryan Schelhaas*
RYAN SCHELHAAS
Chief Deputy Attorney General
(Pro hac vice)
109 State Capitol
Cheyenne, Wyoming 82002

Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*