## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-437-JDK |
| | § | |
| BLACKROCK, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## STIPULATED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary for the parties or third parties to disclose certain categories of confidential information relating to the subject matter of this action.  The parties agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.  The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Protection of the identified categories of confidential information is necessary because discovery in this action will require disclosure of documents that are relevant to the claims and defenses asserted, and it is likely that such documents will contain confidential personal information, financial information, and/or proprietary or trade secret information of the parties.

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1

**Proceedings and Information Governed.**

1.      This Protective Order is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," "Highly Confidential Information," or "OCEO Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document contains confidential, proprietary or commercial information that is not readily ascertainable through lawful means by the public or the receiving party or other information required by law or agreement to be kept confidential and includes, but is not limited to, research, technical, competitive, commercial, insurance or financial information that the party has maintained as confidential; (b) the "Highly Confidential" designation means that the document includes information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development,

current or future strategy, client, financial, technical, marketing, pricing, or sensitive trade secret information; and (c) the "Outside Counsel Eyes Only (OCEO) Information" designation means documents or information containing the most sensitive future product or business strategy the disclosure of which, even limited to the restrictions placed on the information designated as "Confidential" or "Highly Confidential" under this Order, could compromise and/or jeopardize the producing party's business interests. Before material is designated OCEO Information under this subsection, the producing party will make a good faith effort to evaluate whether that material meets the definition for OCEO Information as set forth herein. OCEO Information designations must be limited in scope, and a party cannot designate an expert report as OCEO Information regardless of whether the report relies on OCEO Information. An expert report discussing OCEO Information may be designated as Highly Confidential Information. However, any materials designated as OCEO Information attached as an exhibit to an expert report, or otherwise included in the materials relied upon, shall be treated as OCEO Information. Confidential Information, Highly Confidential Information, and OCEO Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or to information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.     Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

## CONFIDENTIAL INFORMATION

## SUBJECT TO PROTECTIVE ORDER

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Highly Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

## HIGHLY CONFIDENTIAL INFORMATION

## SUBJECT TO PROTECTIVE ORDER

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing OCEO Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

## OCEO INFORMATION

## SUBJECT TO PROTECTIVE ORDER

A party may designate information disclosed at a deposition as Confidential Information, Highly Confidential Information, or OCEO Information by requesting

the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  To the extent an exhibit containing OCEO Information is marked at a deposition, any attendees who are not entitled to receive OCEO Information will leave the deposition during the examination on the exhibit.  If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after receiving the final deposition transcript to designate in writing to the other parties and to the court reporter, whether the transcript or portion thereof is to be designated as Confidential Information, Highly Confidential Information, or OCEO Information. If no such designation is made at the deposition or within this 30-day period (during which period, the transcript must be treated as Highly Confidential Information, unless the disclosing party consents to lesser confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Highly Confidential Information, or OCEO Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

## Inadvertent Failure to Designate.

4.      The inadvertent failure to designate or withhold any information as Confidential Information, Highly Confidential Information, or OCEO Information will not be deemed to waive a later claim as to its confidential nature or to stop the producing party from designating such information at a later date.  The information must be treated by the receiving party as Highly Confidential Information from the time the receiving party is notified in writing of the change in the designation, unless otherwise instructed by the producing party to instead treat the information as "Confidential Information."  Within five (5) business days of receiving a written request to do so from the producing party, or a longer period of time agreed to by the producing party, the receiving party shall return to the producing party or destroy, and certify in writing such destruction, any documents or tangible items that the producing party represents were inadvertently or mistakenly produced without the Confidential Information, Highly Confidential Information, or OCEO Information designation.  The receiving party shall also destroy all copies of any such inadvertently or mistakenly undesignated information.  Such materials shall be deleted from any system used to house the documents, including document review databases, e-rooms, and any other location that stores documents, with the exception of the original document production zip file containing the material.  The producing party must reproduce to the receiving party the mistakenly undesignated information with the proper Confidential Information, Highly Confidential Information, or OCEO Information designation.

**Challenge to Designations.**

5.    A receiving party may challenge a producing party's designation at any time.  A receiving party does not waive its right to challenge a producing party's designation by electing not to mount a challenge promptly after the original designation is disclosed.   Until any dispute regarding the producing party's designation(s) is resolved, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.    Information designated as Confidential Information, Highly Confidential Information, or OCEO Information may only be used for purposes of preparation, trial, and appeal of this action in accordance with this Order. Confidential Information, Highly Confidential Information, or OCEO Information may not be used under any circumstances for any other purpose.

7.    Subject to paragraph 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions;

(b) in-house counsel for the receiving party;

7

(c) outside counsel for the receiving party, including the law firms and/or individual counsel employed by the Attorneys General of the Plaintiff States;

(d) supporting personnel employed by (b) and (c), including by the Attorneys General of the Plaintiff States, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(e) experts or consultants retained by a party to advise or testify in this litigation; and

(f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8.    Subject to paragraph 10 below, Highly Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) in-house counsel for the receiving party who exercise no competitive decision-making authority;

(b) outside counsel for the receiving party, including the law firms and/or individual counsel employed by the Attorneys General of the Plaintiff States;

(c) supporting personnel employed by (a) and (b), including by the Attorneys General of the Plaintiff States, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(d) experts or consultants retained by a party to advise or testify in this litigation; and

(e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

9. Subject to Paragraph 10 below, information designated as OCEO Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel for the receiving party, including the law firms and/or individual counsel employed by the Attorneys General of the Plaintiff States who have appeared in this action;

(b) supporting personnel employed by (a), including by the Attorneys General of the Plaintiff States, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(c) experts or consultants retained by a party to advise or testify in this litigation; and

(d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

10.    Further, prior to disclosing Confidential Information, Highly Confidential Information, or OCEO Information to a receiving party's proposed expert, consultant, or employees, counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of Exhibit A to this Order.  All such executed copies of Exhibit A shall be retained by the respective party's counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

11.    Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.   Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12.    Confidential Information, Highly Confidential Information, or OCEO Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent;

(c) counsel for the party designating the material agrees that the material may be disclosed to the person; or

(d) in a deposition or at trial, the witness previously sent, received or authored the document that a receiving party wishes to disclose to him or her.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information, Highly Confidential Information, or OCEO Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

## Nonparty Information.

13.    The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony Confidential Information, Highly Confidential Information, or OCEO Information pursuant to this Protective Order. A party receiving Confidential Information, Highly Confidential Information, or OCEO Information from a nonparty may disclose such material to other parties in this litigation if such disclosures are

11

made to persons to whom disclosure may otherwise be made under this Protective Order and who are bound by this Protective Order.

### Filing Documents with the Court.

14.    If any party wishes to submit Confidential Information, Highly Confidential Information, or OCEO Information to the Court, the submission must be filed in accordance with Local Rule CV-5 and Local Rule CV-7.

### No Prejudice.

15.    Producing or receiving Confidential Information, Highly Confidential Information, or OCEO Information otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information, Highly Confidential Information, or OCEO Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

### Conclusion of Litigation.

16.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after

dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Highly Confidential Information, or OCEO Information and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party, including the law firms and/or individual counsel employed by the Attorneys General of the Case 6:24-cv-00437-JDK Document 130-4 Filed 10/07/25 Page 11 of 26 PageID #: 1505 11 Plaintiff States who have appeared in this action, are entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings.

17.     Any person or party subject to this Protective Order who may be subject to another court's order, a motion, a subpoena or other form of compulsory or voluntary process to disclose another party's information designated Confidential Information, Highly Confidential Information, or OCEO Information pursuant to this Protective Order must promptly notify that party of the order, motion, subpoena, or processso that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

18.     If another party's information designated Confidential Information, Highly Confidential Information, or OCEO Information pursuant to this Order is requested for disclosure under a Plaintiff State's public information act or the

equivalent, this Order prohibits disclosure to the extent the Plaintiff State's public information act or equivalent provides an exception for disclosure of information protected by court order, such as the Texas Public Information Act, Texas Government Code § 552.107(2). To the extent the Plaintiff State's public information act or equivalent does not provide such an exception, such Plaintiff must promptly notify that party of the request or motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19.    Notwithstanding any other provision in this Protective Order, and subject to the requirements of this paragraph, a receiving party may share information designated Confidential Information, Highly Confidential Information, or OCEO Information with a federal law enforcement authority or a federal regulatory agency that agrees in writing not to disclose such information outside the federal government, without first obtaining permission from this Court, to persons to whom disclosure may not otherwise be made and who are not bound by this Protective Order. A receiving party may only produce such information to a federal law enforcement authority or a federal regulatory agency when the receiving party believes in good faith that the information is necessary to assist the federal law enforcement authority or federal regulatory agency in enforcing federal law or regulations. To the extent a producing party's protected information is shared with a federal law enforcement authority or federal regulatory agency pursuant to this paragraph, the receiving party sharing such information must provide notice of the disclosure to the producing party twenty-four (24) hours before the disclosure occurs,

14

must identify what materials will be shared, and must provide, at the time of initial notice, a copy of the federal law enforcement authority's or federal regulatory agency's agreement to be bound by this Protective Order.

## Remedies.

20.     This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

21.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

## Miscellaneous.

22.     Nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any information designated under this Protective Order as Confidential Information, Highly Confidential Information, or OCEO Information provided that counsel does not disclose the material contents of the designated information in a manner except as provided in this Order.   Under no circumstances should counsel disclose information marked OCEO Information to individuals not authorized to receive such information.

23.     Nothing in this Protective Order shall be deemed to prevent the parties from introducing any non-privileged information designated under this Protective

Order as Confidential Information or Highly Confidential Information into evidence at the trial of this action, or from using any non-privileged information designated under this Protective Order as Confidential Information or Highly Confidential Information at the trial of this action, subject to any pretrial order issued by this Court. Absent agreement among the parties or an order issued by this Court, information designated as OCEO Information may only be introduced *in camera*.

24. The parties may, by stipulation, provide for exceptions to this Protective Order.

25. Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege.

26. All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties and any persons provided access to Confidential Information, Highly Confidential Information, or OCEO Information under the terms of this Protective Order with respect to any dispute over the improper use of such Confidential Information, Highly Confidential Information, or OCEO Information.

27. Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information, Highly Confidential Information, or OCEO Information. Each party shall retain the right to file a motion with the Court to: (a) modify this Protective Order to allow

disclosure of information designated hereunder as Confidential Information, Highly Confidential Information, or OCEO Information to additional persons or entities if reasonably necessary to prepare and present this action; and (b) apply for additional protection of information designated under this Protective Order as Confidential Information, Highly Confidential Information, or OCEO Information. In the event a new party is added, substituted, or brought into this action, this Protective Order will be binding on and inure to the benefit of the new party, subject to the new party's right to seek relief from or modification of this Protective Order, as set forth herein.

So **ORDERED** and **SIGNED** this **5th**   day of **November, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-437-JDK |
| | § | |
| BLACKROCK, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR**
**EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Highly Confidential Information," or "OCEO Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Highly Confidential Information, or OCEO Information disclosed to me pursuant to the Protective Order

except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Highly Confidential Information, or OCEO Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Highly Confidential Information, or OCEO Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

2

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-437-JDK |
| | § | |
| BLACKROCK, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Highly Confidential Information," or "OCEO Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Highly Confidential Information, or OCEO Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this

1

information to persons other than those specifically authorized by the Protective

Order, without the express written consent of the party who designated the

information as confidential or by order of the presiding judge.


_____

Signed


_____

Printed Name


_____

Date